IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALEXANDER JENKINS,                                    CV 06-813-MA

        Petitioner,                              OPINION AND ORDER

   v.

MICHAEL GOWER,

        Respondent.

   LISA HAY
   Assistant Federal Public Defender
   101 SW Main Street, Suite 1700
   Portland, OR  97204

       Attorney for Petitioner

   HARDY MEYERS
   Attorney General
   DENIS M. VANNIER
   Assistant Attorney General
   Department of Justice
   1162 Court Street NE
   Salem, OR  97301-4096

       Attorneys for Respondent

MARSH, Judge:

1 - OPINION AND ORDER

Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas corpus petition (#2) is denied, without prejudice, for failure to exhaust available state remedies.

### BACKGROUND

On November 15, 2002, petitioner was convicted by a jury of Felon in Possession of a Firearm, Unlawful Use of a Weapon, and Unlawful Possession of a Firearm. Resp. Ex. 101. Based on petitioner's admission that he had been under post-prison supervision at the time he committed the above offenses, the trial court imposed an upward departure sentence of 60 months imprisonment on the charge of Felon in Possession of a Firearm. Resp. Exs. 101, 108. Petitioner was also sentenced to 36 months probation and 90 days in jail for Unlawful Use of a Weapon, and six months in jail for Unlawful Possession of a Firearm. Resp. Exs. 101, 108.

On April 27, 2005, the Oregon Court of Appeals issued an opinion affirming petitioner's convictions, but reversing and remanding his sentence on the basis of his claim that the state's imposition of an upward departure sentence violated Blakely v. Washington, 542 U.S. 296 (2004). See State v. Jenkins, 11 P.3d 782 (2005). As discussed in detail, below, the state obtained an

2 - OPINION AND ORDER

indefinite extension of time to file a petition for review with the Oregon Supreme Court, pending that Court's ruling in a case with a similar <u>Blakely</u> issue. Resp. Exs. 112, 117. Thus, petitioner's direct appeal remains pending.

Petitioner filed a petition for habeas corpus relief with this court on June 8, 2006, in which he raised the following grounds for relief:

> <u>Ground One</u>: The trial court abused it's [sic] discretion in denying defendant's motion to reopen the defense's case based on a new witness.
>
> <u>Ground Two</u>: The trial court abused it's [sic] discretion in denying defendant's motion for a new trial.
>
> <u>Ground Three</u>: The court erred in the manner in which it then sentenced the defendant.
>
> <u>Ground Four</u>: State is impinging on Defendant's state and federal rights and interests through improper procedures.

Respondent contends this petition should be dismissed, without prejudice, because petitioner has not yet exhausted his available state-court remedies.

### **DISCUSSION**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. <u>See</u> 28 U.S.C. § 2254(b)(1). A petitioner must seek discretionary review in the state's highest court in order

3 - OPINION AND ORDER

to fully exhaust his state remedies.  O'Sullivan v. Boerekel, 526 U.S. 838 (1999).

Exhaustion is not required, however, if "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(ii).  Unusual delay in state court, amounting to a due process violation, is such a circumstance.  Edelbacher v. Calderon, 160 F.3d 582, 586 (9th Cir. 1998); Phillips v. Vasquez, 56 F.3d 1030, 1035 (9th Cir.), cert. denied, 516 U.S. 1032 (1995); Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir. 1990).

In the instant proceeding, petitioner concedes his direct appeal in state court is still pending, and therefore his state court remedies have not been exhausted.  He requests that this court nevertheless consider his claims because "the lengthy delay in the appellate proceedings, which have been pending now for more than three years, demonstrates that the state appellate process in this case is ineffective to protect Mr. Jenkins' rights."  Alternatively, petitioner asserts that "delay in the appellate process can be the basis for an independent due process violation."  See Coe, 922 F.2d at 531.

Pointing to the Tenth Circuit's holding in Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994), that a two year delay is presumptively too long, petitioner argues the delay in

his case, without regard to its cause, "is alone sufficient to overcome the exhaustion requirement." However, the Ninth Circuit has rejected such a presumption, stating, "there is no talismanic number of years or months, after which due process is automatically violated." Coe, 922 F.2d at 531; see also United States v. Mohawk, 20 F.3d 1480, 1485-88 (9th Cir. 1994)(no due process violation found, despite a 10-year delay, where petitioner failed to show delay resulted in prejudice).

Rather, Ninth Circuit case law requires this court to consider the following four factors in determining whether or not delay rises to the level of a due process violation: (1) the length of delay; (2) the reason for delay; (3) whether the petitioner diligently asserted his right to a speedy appeal in state court; and (4) prejudice to the petitioner. Coe, 922 F.2d at 531 (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).

**A. Delay**

While petitioner's appeal has technically been ongoing for more than three years, more than a third of the delay is attributable to petitioner, and a good portion to the unsettled state of the law following the Supreme Court's pronouncement in Blakely.

Following his sentencing December 10, 2002, petitioner filed a notice of appeal in the Oregon Court of Appeals on January 10,

2003. Resp. Exs. 101, 103. Appellate counsel was appointed February 3, 2003, and the first transcript was filed on February 14, 2003. Resp. Ex. 103. However, petitioner did not file his opening brief until a year later, on February 4, 2004. Id. A review of the Oregon Court of Appeals case register suggests that a portion of this delay was due to the filing of additional transcripts and records. Id. However, the bulk of the delay was attributable to motions for change of counsel and extensions of time, made on petitioner's behalf. Id. Accordingly, I find the first year of delay attributable to petitioner, not the state.

On March 24, 2004, the state filed a motion for extension of time to file a response; on June 2, 2004, the state filed a second motion for extension of time to file a response. Id. While petitioner was awaiting the state's response, on June 24, 2004, the Supreme Court issued its decision in Blakely. Petitioner then filed a motion for leave to file a supplemental brief on July 12, 2004, to address the issue of petitioner's upward departure sentence. Resp. Ex. 103.

Respondent's recitation of the procedural history in this case seems to suggest the delay between the filing of petitioner's opening and supplemental briefs should be attributed to petitioner. I do not agree. At the time the state learned,

on July 12, 2004, that petitioner intended to file a supplemental brief the burden was on the state to file a response.  Thus, the delay between February 4, 2004 and July 12, 2004, of approximately five months, is construed against the state.

On August 3, 2004, petitioner filed a supplemental brief. Id.  On September 21, 2004, the state filed a third motion for extension of time.  Id.  Finally, the state filed its response on November 26, 2004.  Thus, approximately four more months elapsed, following petitioner's supplemental brief, during which the state could have filed its response.  Since petitioner's Blakely claim understandably delayed the state's response, for purposes of this discussion I attribute this four month delay to the novel issues at stake in this case, and not to either party.

On April 27, 2005, the Oregon Court of Appeals issued an opinion affirming petitioner's convictions, but granting relief on his Blakely claim.  See State v. Jenkins, 11 P.3d 782 (2005). The approximate five-month delay awaiting the courts' decision is construed against the state.

On May 10, 2005, the state filed a petition for reconsideration.  Resp. Ex. 103.  Petitioner filed a motion for extension of time to respond, on July 5, 2005, and on August 8, 2005 petitioner filed an answer.  On November 30, 2005, the

7 - OPINION AND ORDER

Oregon Court of Appeals denied the state's petition for review. Id. Thus, the delay of approximately four months before petitioner filed an answer to the state's petition for reconsideration is attributable to petitioner. The additional four month delay while awaiting the Oregon Court of Appeals' decision is construed against the state.

On December 19, 2005, the state filed a motion in the Oregon Supreme Court requesting an indefinite extension of time to file a petition for review, pending the court's ruling in State v. Perez. Resp. Ex. 112. The state reasoned that the Blakely-type issues in petitioner's case would be controlled by the outcome of Perez. Id. at 2. Petitioner did not object to this motion, which the Oregon Supreme Court granted on December 20, 2005.

On March 30, 2006, the Oregon Supreme Court issued its decision in Perez, reversing the Oregon Court of Appeals, and holding, in the state's favor, that an unpreserved claim of Blakely error in imposing a departure sentence is not plain error. State v. Perez, 131 P.3d 168 (Or. Ct. App. 2006). However, a month later, on April 26, 2006, the Oregon Court of Appeals issued another opinion in State v. Ramirez, holding that Perez did not apply to a defendant who had been convicted in a jury trial. 133 P.3d 343 (Or. Ct. App. 2006). Thus, although

8 - OPINION AND ORDER

the state had reasonably anticipated that Perez would control the outcome of petitioner's case, Ramirez effectively exempted petitioner's case from that holding.

Believing that Ramirez was wrongly decided, the state filed a second motion for extension of time to file a petition for review in petitioner's case, on May 26, 2002. Resp. Ex. 116. In this motion, the state reasoned that it would be more efficient to await the outcome in Ramirez before considering petitioner's appeal[1]. Resp. Ex. 116. The state noted that opposing counsel objected to this motion, but petitioner did not file a formal objection. Id. at 3. The Oregon Supreme Court granted the state's motion. Resp. Ex. 117. The state filed a petition for review in Ramirez on November 21, 2006, and the Oregon Supreme Court allowed review on January 10, 2007. Resp. Ex. 117.

As of the date of this opinion, the state's extensions have already amounted to an approximate 14 month delay to petitioner. Though this delay was occasioned by the state, and was thereafter partly attributable to the state courts, the reasons for the extensions sought by the state appear to justify the delay. See

---

[1] According to respondent, petitioner's appeal is one of 73 cases that will be affected by Ramirez. The Oregon Supreme Court had granted to the state indefinite extensions of time to file petitions for review in these cases as well.

9 - OPINION AND ORDER

Barker, 407 U.S. at 531 (different reasons for delay should be weighed differently).

In summary, petitioner is responsible for delaying his appeal by approximately 21 months out of the last 36 months it has been pending. Accordingly, I find petitioner has not shown the delay was primarily caused by the state. See Edelbacher v. Calderon, 160 F.3d 582, 586 (1998)(delay attributable to petitioner, rather than the state, does not violate due process).

**B.   Petitioner's Assertion of His Right**

Next, petitioner has made no showing of a diligent assertion of his right to a speedy appeal. He has not shown, for instance, that he opposed the extensions sought by his attorney for filing the opening brief.

Further, petitioner did not object to the state's first motion for an indefinite extension pending the outcome of Perez. Then, after Perez issued on March 30, 2006, petitioner failed to diligently assert his right to a speedy appeal during the two months that elapsed before the state filed a second motion for an indefinite extension.

Such efforts would not have been futile. As respondent points out, in one of the other Blakely cases, similar to petitioner's, the Oregon Supreme Court denied the state's motions

10 - OPINION AND ORDER

for extensions of time when written objections were filed by the appellant. Resp. Exs. 118, 120, 121, 122, 123.

Accordingly, I find petitioner has not met the "diligent assertion" prong of the four-part test. See Coe, 922 F.2d at 532 (petitioner "diligently and continuously asserted his rights" in state court and "tenaciously hounded [the] state courts in pursuit of an appeal").

### C. Prejudice

Finally, though petitioner has served his full term of imprisonment, and was released on post-prison supervision on October 4, 2006, he does not specifically argue that he was prejudiced by the delay. Resp. Ex. 119. He only contends that he should not be subjected to post-prison supervision[2].

Under Coe, this court looks to the following factors in considering prejudice to petitioner: (1) oppressive incarceration pending appeal; (2) anxiety and concern of the prisoner awaiting the outcome of the appeal, and; (3) impairment of the prisoner's grounds for appeal or the viability of the defense in case of

---

[2] Respondent avers that petitioner will be released from post-prison supervision in the instant case in October 2007, but will remain on post-prison supervision for an additional year for a separate conviction and sentence.

11 - OPINION AND ORDER

retrial. 922 F.2d at 532. Of these factors, the most serious is the last. Barker, 407 U.S. at 532.

Absent a showing of one of these factors, I cannot conclude that petitioner has been prejudiced by the delay in his appeal. Petitioner states, in his petition to this court (#2), that he would have been "released" upon a timely resentencing. To the extent "oppressive incarceration pending appeal" is suggested by these statements, I find no basis in the law or facts of this case to support that assertion. To the contrary, respondent's brief to the Oregon Court of Appeals indicates that upon resentencing "the trial court lawfully could, and would, impose the same total term of imprisonment [by] restructuring the sentences." Resp. Ex. 106 at 5.

Accordingly, I find petitioner has not met the "prejudice" prong of the four-part test.

## **CONCLUSION**

Based on the foregoing, petitioner's habeas corpus petition (#2) is denied, without prejudice, for failure to exhaust available state remedies.

IT IS SO ORDERED.

DATED this 14_ day of February, 2007.

                                        /s/ Malcolm F. Marsh
                                        Malcolm F. Marsh
                                        United States District Judge